BAKER AND RANNELLS, PA
Stephen L. Baker, 259971970
John M. Rannells, 011871987
92 East Main St., Ste 302
Somerville, NJ 08876
(908)722-5640
Attorneys for Plaintiff
*Action Process & Subpoena Co., Inc.*
*d/b/a Action Subpoena*

**Document Filed Electronically**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Action Process & Subpoena Co., Inc. d/b/a Action Subpoena,<br><br>Plaintiff,<br><br>v.<br><br>Action Subpoena Inc., d/b/a ASUBPOENA Corporation, and Gail Kagan<br><br>Defendants. | CIVIL ACTION NO.:<br><br>District Judge:<br>Magistrate Judge<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND UNJUST ENRICHMENT |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Action Process & Subpoena Co., Inc. d/b/a Action Subpoena ("Action Subpoena" or "Plaintiff"), for its complaint against defendants Action Subpoena Inc., dba ASUBPOENA CORPORATION, and Gail Kagan (collectively "Defendants"), says:

## NATURE OF THE SUIT

This is an action for trademark infringement and unfair competition arising from Defendants' infringing and improper use of Plaintiff's trademarks, tradename, and goodwill. Such acts have injured the goodwill and reputation of Plaintiff and have damaged its business, and unless restrained will continue to damage Plaintiff.

## JURISDICTION AND VENUE

1. This is an action in which Plaintiff seeks declaratory, pecuniary, and injunctive relief from acts of the Defendants arising under the trademark and unfair competition laws of the United States, 15 U.S.C. §§ 1114(1) and 1125(a) ("the Lanham Act") and the unfair competition laws of the State of New Jersey.

2. The claims alleged in this Complaint arise in the State and District of New Jersey.

3. This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as this action arises under the Lanham Act (15 U.S.C. §§ 1051 *et seq*).

4. This Court has jurisdiction over Plaintiff's claims of unfair competition arising under state law pursuant to 18 U.S.C. § 1338(b), as well as pendent jurisdiction over those and the remaining claims.

5.     This Court has supplemental jurisdiction over Plaintiff's state law claims set forth in this Complaint pursuant to 28 U.S.C. § 1367(a).

6.     Venue is proper in this district under 28 U.S.C. § 1391, as Defendants do business in this district, and upon information and belief, have offered and provided services in this district that are the subject of this suit.

7.     Defendants are now, and at all time relevant to this Complaint have been, subject to personal jurisdiction in the State and District of New Jersey.

## PARTIES

8.     Plaintiff is a New Jersey corporation with offices at 29 Columbia Turnpike, #302, Florham Park, NJ 07932.

9.     Upon information and belief, Defendant Action Subpoena Inc. ("ASI"), is a corporation of the State of New York that has and maintains an office in New Jersey located at 463 Livingston Street, Ste 102-41, Norwood, NJ 07648.

10.    Upon information and belief, Defendant Gail Kagan, ("Kagan"), is the owner of ASI, and is a mere instrumentality of and alter ego of ASI, who directly participates in and personally directs the day-to-day activities of ASI, including the illegal acts in this District alleged in this Complaint.

## BACKGROUND

### Plaintiff And Its Trademark/Tradename

11. Plaintiff is a leading process server in New Jersey, well known in the process service industry and legal community in the State of New Jersey and beyond.

12. Plaintiff's Action Subpoena services originated with the current owner's father, Todd Bank, in 1969, followed by Mr. Bank incorporating Plaintiff on September 5, 1985.

13. Plaintiff has continuously provided its process services under the mark and name ACTION SUBPOENA since 1969, and additionally has continuously and concurrently provided its process services under the mark and name ACTION PROCESS & SUBPOENA since September 5, 1985.  Plaintiff's marks and names referenced herein are referred to collectively as "Plaintiff's Mark and Name."

14. Plaintiff is also the owner of the following U.S. Trademark Registrations:

| Reg. No. | Mark | Services |
| --- | --- | --- |
| 5190271 | ACTION SUBPOENA | Legal services, namely, service of actual legal notice |
| 5304813 | ACTION PROCESS & SUBPOENA | Legal services, namely, service of actual legal notice |

Copies of said registrations are attached as Exhibit A.

15. Plaintiff owns and maintains a website at "actionsubpoena.com" as well as social media sites on Facebook and Twitter.

16. Plaintiff prides itself on its quality services and customer service and expends considerable time and effort in marketing and advertising to cultivate the goodwill and reputation it has developed.

17. Plaintiff's ACTION SUBPOENA mark and name has been in continuous use in interstate commerce by Action Subpoena for the last 50 years and prior to any date which can be legally claimed by Defendants. Plaintiff's ACTION PROCESS & SUBPOENA mark has been in continuous use in interstate commerce by Action Subpoena for the last 33 years and prior to any date which can be legally claimed by Defendants.

18. Plaintiff is the owner of extensive common-law trademark rights under Federal and New Jersey statutory and common law by virtue of continuous use of its ACTION SUBPOENA mark and name for the past 50 years and ACTION PROCESS & SUBPOENA mark and name for the past 33 years. During that time, Plaintiff's Mark and Name has become imbued with substantial goodwill and renown, which is associated solely with plaintiff.

**Defendants' Wrongful Conduct**

19.     Defendants are using the infringing and confusingly similar marks and names "ACTION SUBPOENA," "ACTION SUBPOENA INC." and "ASUBPOENA" (collectively the "Infringing Designations," and each, an "Infringing Designation") on services identical to the services offered by Plaintiff under Plaintiff's Mark and Name.

20.     Upon information and belief, Kagan and ASI own and control the website <www. asubpoena.com>, other social media sites, and advertise and promote on various third-party sites, which sites prominently feature the Infringing Designations, which Defendants are using to offer, sell, market, advertise and promote identical services to those of Plaintiff, all of which uses infringe upon and are confusingly similar to Plaintiff's Mark and Name.

21.     Upon information and belief, Defendants engage in embedding Plaintiff's trademark ACTION SUBPOENA in meta tags in Internet search engines in order to divert Internet traffic to Defendants' website.

22.     Upon information and belief, Defendants were aware of Plaintiff's Mark and Name and Plaintiff's rights in and to Plaintiff's Mark and Name, prior to adopting and using the Infringing Designations.

23.     Upon information and belief, Defendants chose the Infringing Designations to confuse and deceive customers that their services were those of

Plaintiff and/or were affiliated with, sponsored by, approved by, or otherwise associated with Plaintiff's services under Plaintiffs Mark and Name.

24. The services offered by defendants in connection with the Infringing Designations are legally identical to and otherwise highly similar to and directly competitive with the services provided by Plaintiff under Plaintiff's Mark and Name.

25. Plaintiff has no association, affiliation, sponsorship, or any other connection to Defendants and Defendants' use of the Infringing Designations is without the consent or permission of Plaintiff.

26. Upon information and belief, Defendants' deception and confusion was and is intentional and designed by Defendants to trade off of and capitalize on Plaintiff's substantial and long-term goodwill and reputation.

27. When Plaintiff learned of Defendants' conduct, Plaintiff called co-defendant Kagan and complained to Kagan about her unauthorized use of the infringing use of ACTION SUBPOENA. Kagan replied on the phone that she was going to re-brand, but she has simply continued to offer, sell, market, advertise and promote ASI's services under the Infringing Designations and has failed to cease and desist from such wrongful conduct.

28. Notwithstanding Plaintiff's prior and substantial rights, ASI applied for trademark registration for the mark ASUBPOENA for "legal services, namely,

process serving; legal support services" with the U.S. Patent and Trademark Office ("USPTO"), (i.e., Ser. No. 87840447) which application is pending but has been refused registration by the USPTO on the basis of likelihood of confusion with Plaintiff's registered trademarks.  The referenced trademark application was filed by and signed by defendant Kagan.  A copy of Defendants' trademark application and a copy of the USPTO "final" refusal (without attachments) is attached as Exhibit B.

29.   Such unlawful activities by Defendants through unlawful usage of Plaintiff's Mark and Name has resulted in loss of customers and revenue for Plaintiff, and has caused confusion among customers as to the source and/or affiliation of the parties' respective services.

## FIRST CLAIM FOR RELIEF
### Infringement Of Registered Trademarks In Violation Of 15 U.S.C. § 1114(1)

30.   Each of the foregoing allegations are incorporated by reference as though fully set forth herein.

31.   Defendants' use of the Infringing Designations is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' services and/or commercial activities, in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

32. The aforesaid infringement by Defendants was committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

33. The aforesaid infringement by Defendants has caused, and unless restrained by the Court will continue to cause immediate and irreparable injury to Plaintiff and Plaintiff's business.

34. Upon information and belief, Defendants' conduct, including their continuing infringement after notice, constitutes willful and malicious infringement of Plaintiff's Mark and Name under 15 U.S.C. § 1114, thus rendering the present case an "exceptional" case as that term is employed in 15 U.S.C. § 1117.

35. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Trademark Infringement In Violation Of 15 U.S.C. § 1125(a)

36. Each of the foregoing allegations are incorporated by reference as though fully set forth herein.

37. Defendants' use of the Infringing Designations is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' services and/or commercial activities, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

38. The aforesaid infringement by Defendants was committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

39. The aforesaid infringement by Defendants has caused, and unless restrained by the Court will continue to cause immediate and irreparable injury to Plaintiff and Plaintiff's business.

40. Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### Unfair Competition In Violation Of 15 U.S.C. § 1125(a)

41. Each of the foregoing allegations are incorporated by reference as though fully set forth herein.

42. Defendants' use of the Infringing Designations constitutes unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

43. The aforesaid infringement by Defendants was committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

44. The aforesaid infringement by Defendants has caused, and unless restrained by the Court will continue to cause immediate and irreparable injury to Plaintiff and Plaintiff's business.

45. Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### Common-Law Unfair Competition

46. Each of the foregoing allegations are incorporated by reference as though fully set forth herein.

47. The aforesaid acts of Defendants constitute unfair competition and unfair business practices contrary to the common laws of the United States and the State of New Jersey.

48. The aforesaid infringement by Defendants was committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

49. The aforesaid infringement by Defendants has caused, and unless restrained by the Court will continue to cause immediate and irreparable injury to Plaintiff and Plaintiff's business.

50. Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### Unfair Competition Under N.J.S.A. §§ 56:4-1 *et seq.*

51. Each of the foregoing allegations are incorporated by reference as though fully set forth herein.

52. Defendants' unauthorized use of the Infringing Designations in advertising constitutes acts of unfair competition through Defendants' appropriation for their own use of the name, brand, trademark, service mark, tradename, reputation and goodwill of Plaintiff in violation of N.J.S.A. §§ 56:4-1 *et seq.*

53. The aforesaid infringement by Defendants was committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

54. The aforesaid infringement by Defendants has caused, and unless restrained by the Court will continue to cause immediate and irreparable injury to Plaintiff and Plaintiff's business.

55. Plaintiff has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### Deceptive Acts And Practices In Violation Of The Common Law of the State of New Jersey

56. Each of the foregoing allegations are incorporated by reference as though fully set forth herein.

57. Defendants' unauthorized use of the Infringing Designations in advertising constitutes deceptive trade practice in violation of the common law of the State of New Jersey.

58. The aforesaid infringement by Defendants was committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

59. The aforesaid infringement by Defendants has caused, and unless restrained by the Court will continue to cause immediate and irreparable injury to Plaintiff and Plaintiff's business.

60. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

A. A preliminary and permanent injunction, enjoining Defendants, their licensees, assigns, officers, agents, servants, attorneys, and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from:

1. using, reproducing, advertising or promoting, in connection with any services the marks and names "Action Subpoena," "Action Process and Subpoena," "Asubpoena," "A-Subpoena," or any mark of name confusingly similar therewith and any associated domain address or Internet metadata;

2. using, reproducing, advertising or promoting any slogan, mark or name that may be calculated to represent or that has the effect of representing that the services of Defendants or any other person are sponsored by, authorized by, or in some way associated with Plaintiff;

3. injuring the commercial reputation, renown, and goodwill of Plaintiff or Plaintiff's Mark and Name;

4. using or reproducing any word, term, name, or combination thereof, on any service or in connection with any service that confuses or falsely represents or misleads, is calculate to confuse, falsely represent or mislead, or that has the effect of confusing, falsely representing, or misleading, that the services or

activities of Defendants or another are in some way connected with Plaintiff or is sponsored, approved, or licensed by Plaintiff;

     5.     unfairly competing with Plaintiff in any way whatsoever; and

     6.     causing a likelihood of confusion with respect to Plaintiff or any injury to the business reputation of Plaintiff;

     B.     Ordering defendant ASI to withdraw its pending USPTO trademark application with prejudice and advising the USPTO of said order;

     C.     Ordering the termination or transfer to Plaintiff, of Defendants' domain address, <asubpoena.com>;

     D.     An award of damages to Plaintiff under the Lanham Act, and in particular to 15 U.S.C. § 1117(a), of up to three times the damages suffered by Plaintiff and three times the profits earned by Defendants;

     E.     An award to Plaintiff of compensatory, consequential, and/or incidental damages;

     F.     An award to Plaintiff of treble, exemplary, and/or punitive damages;

     G.     An award to Plaintiff of its reasonable attorney fees and the costs of this action;

     H.     Prejudgment and post-judgement interest on the above monetary awards;

     I.     At Plaintiff's election, statutory damages pursuant to 15 U.S.C. § 1117(c); and

     J.     Such other relief as this Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of twelve on all issues so triable.

<u>/S/ Pei-Lun Chang</u>        Date:   April 11, 2019

BAKER AND RANNELLS, PA  
Stephen L. Baker  
Pei-Lun Chang  
92 East Main St., Ste 302  
Somerville, NJ 08876  
(908) 722-5640

Attorneys for Plaintiff  
Action Process & Subpoena Co., Inc.  
d/b/a Action Subpoena,